IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-cv-61676-WJZ

AROUND THE CLOCK A/C SERVICE, LLC,

    Plaintiff/Counter-Defendant,

vs.

ALL YEAR COOLING AND HEATING, INC.,

    Defendant/Counter-Claimant.

_____/

## ALL YEAR COOLING AND HEATING, INC.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant, All Year Cooling and Heating, Inc. ("All Year Cooling"), by and through undersigned counsel, hereby files its answer and affirmative defenses to the Complaint (D.E. 1) filed by Plaintiff, Around the Clock A/C Services, LLC ("AATC") as follows:

    1.    All Year Cooling admits that AATC has filed a Complaint purportedly to allege a claim for trademark infringement, but denies any liability or that AATC has stated a claim for relief.

    2.    All Year Cooling denies each and every allegation of paragraph 2 of the Complaint.

**PARTIES**

    3.    Admitted.

    4.    Denied that All Year Cooling is a Florida limited liability company. Admitted that All Year Cooling has its principal place of business in Broward County, Florida.

## JURISDICTION

5. All Year Cooling admits that this action arises under the Lanham Act. 15 U.S.C. § 1051, et seq., but denies any liability thereunder. All Year Cooling admits the second sentence of paragraph 5 for purposes of jurisdiction only. All Year Cooling states that the Court has, *sua sponte*, dismissed all state law claims in Counts II, III, and IV, finding a lack of supplemental jurisdiction. (D.E. 6).

6. All Year Cooling admits that it maintains its principal place of business in this district, but denies the remaining allegations of paragraph 6 of the Complaint.

7. Admitted for purposes of venue only.

## FACTUAL BACKGROUND

8. Admitted.

9. All Year Cooling denies that AATC has acquired substantial goodwill in connection with its use of the AATC marks. All Year Cooling is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10. All Year Cooling states that the certificates of registration attached to the Complaint speak for themselves and denies any liability thereunder. All Year Cooling is without knowledge or information sufficient to admit or deny Plaintiff's ownership of the federal registrations and demands strict proof thereof.

11. All Year Cooling states that the certificates of registration attached to the Complaint speak for themselves and denies any liability thereunder. All Year Cooling is without knowledge or information sufficient to admit or deny Plaintiff's ownership of the state registrations and demands strict proof thereof.

12.     All Year Cooling states that the certificates of registration attached to the Complaint speak for themselves and denies any liability thereunder.  All Year Cooling is without knowledge or information sufficient to admit or deny the incontestability of Plaintiff's federal registration and demands strict proof thereof.

13.     All Year Cooling states that the allegations of paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is necessary, All Year Cooling denies the allegations of paragraph 13 of the Complaint.

14.     All Year Cooling states that the allegations of paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is necessary, All Year Cooling denies the allegations of paragraph 14 of the Complaint.

15.     Denied.

16.     All Year Cooling is without knowledge or information sufficient to admit or deny the allegations of paragraph 16 of the Complaint and demands strict proof thereof.

17.     All Year Cooling is without knowledge or information sufficient to admit or deny the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18.     All Year Cooling is without knowledge as to the sums of money, if any, AATC has allegedly expended in marketing it services and demands strict proof thereof.  All Year Cooling denies each and every remaining allegation of paragraph 18 of the Complaint.

19.     Denied.

20.     Denied.

21.     All Year Cooling is without knowledge of when AATC became "aware" and demands strict proof thereof.  All Year Cooling denies that it was advertising its air conditioning related services using the phrase "Air around clock" in the heading of pay per click

advertisements. All Year Cooling states that it did not program, opt in, consent to, advise, or otherwise request that Bing include the phrase "Air around clock" in its ad title or ad copy. Rather, the appearance of the phrase "Air around clock" in the ad title next to All Year Cooling's name was due solely to the keyword being auto-inserted into the ad title by Bing pursuant to a new automated feature recently rolled-out by Bing called "Long Ad Title Annotation." As explained on Bing's website, Long Ad Title Annotations are "automatically" added by Bing without the specific intent or instruction of the advertiser: "[a]nnotations are automatically added to your ads if Bing Ads determines that the annotation can improve your ad performance" and further, "Bing Ads will automatically add the Long Ad Title annotation based on a variety of factors, with no additional work from you." All Year Cooling states that the content of Exhibit B speaks for itself and denies any liability thereunder.

  22. Denied.

  23. Denied.

  24. Denied.

  25. Denied.

  26. Denied.

  27. All Year Cooling denies each and every allegation of paragraph of paragraph 27 of the Complaint.

  28. Denied.

  29. Denied.

  30. Denied.

  31. Denied.

32. All Year Cooling is without knowledge as to AATC's relationship, if any, with the law firms of Elias R. Hilal, P.A. and The Keys Law Firm, PLLC, or whether it is obligated to pay those law firms a reasonable attorneys' fee and court costs. All Year Cooling denies that such attorneys' fees and costs, if any, are recoverable from All Year Cooling or that All Year Cooling is liable to AATC in any way.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

33. All Year Cooling incorporates by reference each of its responses to paragraphs 1 through 32 herein.

34. All Year Cooling states that the certificates of registration attached to the Complaint speak for themselves and denies any liability thereunder. All Year Cooling is without knowledge or information sufficient to admit or deny Plaintiff's ownership of the federal registrations and demands strict proof thereof.

35. Denied.

36. Denied.

37. Denied.

38. All Year Cooling denies each and every allegation of paragraph 38 of the Complaint

## COUNT II
## MISLEADING ADVERTISING UNDER FLA. STAT. § 817.41

39-44. All Year Cooling states that on July 18, 2016, the Court, *sua sponte*, entered a Final Order of Dismissal as to Counts II, III, and IV of the Complaint (D.E. 6) and therefore, no response is required.

## COUNT III
### DECEPTIVE AND UNFAIR TRADE PRACTICE UNDER FLA. STAT. §§ 501.201 ET SEQ.

45-47.   All Year Cooling states that on July 18, 2016, the Court, *sua sponte*, entered a Final Order of Dismissal as to Counts II, III, and IV of the Complaint (D.E. 6) and therefore, no response is required.

## COUNT IV
### TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131

48-54.   All Year Cooling states that on July 18, 2016, the Court, *sua sponte*, entered a Final Order of Dismissal as to Counts II, III, and IV of the Complaint (D.E. 6) and therefore, no response is required.

55.   All allegations not specifically admitted are hereby denied.

**WHEREFORE**, All Year Cooling respectfully prays that AATC take nothing by way of its Complaint, that judgment be rendered in favor of All Year Cooling, and that All Year Cooling be awarded its costs, expenses, and reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.   As its first affirmative defense, All Year Cooling states that Complaint fails to state any claims upon which relief can be granted.

2.   As its second affirmative defense, All Year Cooling states that AATC's claim for trademark infringement fails in whole or in part because AATC has not sustained any damages as a direct or proximate consequence of the alleged actions of All Year Cooling.

3.   As its third affirmative defense, All Year Cooling states that AATC's claim for trademark infringement fails in whole or in part because the alleged complained of phrase, "Air around clock," no longer appears in the ad title next to All Year Cooling next to All Year

Cooling's name when a search is conducted of AATC's name on the Bing search engine. As a result, AATC's claim for trademark infringement is now moot.

4. As its fourth affirmative defense, All Year Cooling states that AATC's claim for trademark infringement fails in whole or in part because the alleged complained of phrase, "Air around clock," no longer appears in the ad title next to All Year Cooling's name when a search is conducted of AATC's name on the Bing search engine. As a result, AATC cannot show irreparable harm necessary for the requested injunctive relief.

5. As its fifth affirmative defense, All Year Cooling states that AATC's claim for trademark infringement fails in whole or in part because AATC has failed to join Bing, an indispensable party, so that complete and final relief cannot be granted. Neither All Year Cooling nor its agent ever requested that the phrase "Air around clock" appear in the ad title next to Defendant's name. Rather, the appearance of the phrase "Air around clock" in the ad title next to Defendant's name was due solely to the keyword being auto-inserted into the ad title by Bing pursuant to a new automated feature recently rolled-out by Bing called "Long Ad Title Annotation." As explained on Bing's website, Long Ad Title Annotations are "automatically" added by Bing without the specific intent or instruction of the advertiser: "[a]nnotations are automatically added to your ads if Bing Ads determines that the annotation can improve your ad performance" and further, "Bing Ads will automatically add the Long Ad Title annotation based on a variety of factors, with no additional work from you." Bing is not All Year Cooling's agent, nor does it act in active concert or participation with All Year Cooling but, instead, is an independent third party. Without joinder of Bing, AATC cannot obtain the injunctive relief it seeks.

6. As its sixth affirmative defense, All Year Cooling states that AATC's claim for trademark infringement fails in whole or in part because the alleged challenged conduct is the consequence of actions of an independent third party over whom All Year Cooling has no control. Neither All Year Cooling nor its agent ever requested that the phrase "Air around clock" appear in the ad title next to Defendant's name. Rather, the appearance of the phrase "Air around clock" in the ad title next to Defendant's name was due solely to the keyword being auto-inserted into the ad title by Bing pursuant to a new automated feature recently rolled-out by Bing called "Long Ad Title Annotation." As explained on Bing's website, Long Ad Title Annotations are "automatically" added by Bing without the specific intent or instruction of the advertiser: "[a]nnotations are automatically added to your ads if Bing Ads determines that the annotation can improve your ad performance" and further, "Bing Ads will automatically add the Long Ad Title annotation based on a variety of factors, with no additional work from you." Bing is not All Year Cooling's agent, nor does it act in active concert or participation with All Year Cooling but, instead, is an independent third party.

7. As its seventh affirmative defense, All Year Cooling states that AATC's claim for trademark infringement is barred in whole or in part by AATC's own failure to police or protect its mark. Bing and other interest search engines provide a number of enforcement options for trademark owners who believe their mark is being misused. Typically, in the event of trademark misuse, the customary procedure is to inform the search engine of the issue and file the trademark in question to prevent the search engine from automatically programming in such information. *See* link from Bing's website: https://advertise.bingads.microsoft.com/en-us/resources/policies/trademark-misuse.

## ADDITIONAL DEFENSES

All Year Cooling reserves the right to supplement or amend this answer, including the addition or further affirmative defenses, based upon the course of discovery and the proceedings in this action.

## COUNTERCLAIM

Defendant/Counter-Claimant, All Year Cooling and Heating, Inc. ("All Year Cooling"), by and through undersigned counsel, files this Counterclaim against Plaintiff/Counter-Defendant, Around the Clock A/C Service, LLC ("AATC"), and alleges as follows:

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (c). This Counterclaim seeks damages and injunctive relief arising from AATC's intentional and willful use of the "All Year Cooling" mark on its website and in connection with the marketing, sale, offering for sale, or advertising of air conditioning related services.

### PARTIES

2. Counter-Claimant All Year Cooling is a Florida corporation with its principal place of business in Broward County, Florida.

3. Counter-Defendant AATC is a Florida limited liability company with its principal place of business in Broward County, Florida.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that this action arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

5. This Court has personal jurisdiction over AATC because it maintains its principal place of business in this District, regularly conducts business in this District, and has committed acts of trademark infringement in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because AATC resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged in this Counterclaim occurred in this District.

**GENERAL ALLEGATIONS**

7. All Year Cooling is a family-owned air conditioning repair, maintenance, and installation company with more than 40 years of experience in South Florida.  All Year Cooling has a sterling reputation in the community and in the industry.  Among other notable awards and recognitions, Defendant has received an "A+ rating" from the Better Business Bureau and a "Five-Star" rating from the website, "ConsumerAffairs.com," a consumer news and advocacy organization

8. All Year Cooling is the owner of four federal trademark registrations for the service marks "ALL YEAR COOLING" (federal registration number 3988284), "ALL YEAR COOLING ALL YEAR COMFORT … AT LOWEST PRICE" (federal registration number 3988285), "ALL YEAR COOLING & HEATING" (federal registration number 4082205), and "ALL YEAR COOLING & HEATING TODAY'S COMFORT . . . YESTERDAY'S PRICES") (federal registration number 4079044) (collectively, the "ALL YEAR COOLING MARKS"). True and correct copies of the ALL YEAR COOLING MARKS are attached hereto as **EXHIBIT "1**."

9. All Year Cooling adopted ALL YEAR COOLING at least as early as June 14, 1973, ALL YEAR COOLING & HEATING at least as early as January 1974, ALL YEAR

COOLING ALL YEAR COMFORT…AT THE LOWEST PRICE at least as early as September 2009, and ALL YEAR COOLING & HEATING TODAY'S COMFORT…YESTERDAYS'S PRICES. at least as early as September 2010, to identify its air conditioning repair, maintenance, and installation services and to distinguish those services from other air conditioning related service providers.  All Year Cooling has continuously used its marks in commerce since those dates in connection with the provision of air conditioning repair, maintenance, and installation services and has expended considerable sums in marketing, advertising, and promoting its air conditioning related services and its brand names and marks.  As a consequence, consumers identify All Year Cooling as providing the highest quality service and the ALL YEAR COOLING MARKS have acquired a tremendous amount of goodwill and recognition in the name and marks.

10.  Since December 7, 1998, All Year Cooling has maintained a presence on the internet, where its air conditioning related services have been marketed, advertised, and promoted with the ALL YEAR COOLING MARKS through the website http://www.allyearcooling.com.

11.  AATC is a provider of air conditioning repair, maintenance, and installation services in Florida.  As such, it is a direct competitor of All Year Cooling.  AATC maintains a presence on the internet through a website at http://atcair.com.

12.  In August 2016, All Year Cooling became aware that AATC was advertising its air conditioning services using the name "All Year Cooling" in its internet advertising.  Attached hereto as **COMPOSITE EXHIBIT "2"** are true and correct copies of the results of internet searches conducted on Google on August 11, 2016, and on Google and Yahoo on August 22, 2016.

13. As can be seen from Composite Exhibit 2, the name "All Year Cooling" appears before "Air Around the Clock" in the search results as follows: "All Year Cooling – Air Around the Clock." The domain name associated with this ad title is http://atcair.com/all-year-cooling/. Clicking on the link directs you to the website for AATC and, more specifically, a web page advertising the services of AATC, but emblazoned with the headline "All year cooling" in large font across the top. A true and correct copy of AATC's webpage is attached hereto as **Exhibit "3."**

14. Upon information and belief, AATC's selection and use of the name "All Year Cooling" in its internet advertising was done with full knowledge of All Year Cooling's rights with regard to the ALL YEAR COOLING MARKS.

15. Upon information and belief, AATC's use of the name "All Year Cooling" in its internet advertising is a deliberate, willful, and intentional action specifically designed to deceive consumers and to trade upon the goodwill associated with the ALL YEAR COOLING MARKS.

16. By using the identical phrase, "All Year Cooling," AATC is attempting to unfairly profit from the name, reputation, and advertising of All Year Cooling and more specifically, the federal registered service mark "All Year Cooling." Moreover, by using the phrase "All Year Cooling" in connection with the marketing, promoting, and advertising of its air conditioning related services on the internet, AATC has adopted and is using a colorable imitation or deceptively similar mark to the service marks "All Year Cooling," "All Year Cooling All Year Comfort … At Lowest Price." "All Year Cooling & Heating," and "All Year Cooling & Heating Today's Comfort . . . Yesterday's Prices."

17. AATC's use of the phrase "All Year Cooling" to market, promote, and advertise its air conditioning related services is likely to cause confusion, mistake, or deception as to

whether services are sponsored, affiliated, or approved by All Year Cooling and/or as to the true origin of the services offered.

18. The goodwill All Year Cooling has acquired in the ALL YEAR COOLING MARKS is of significant value and is being jeopardized by AATC's deliberate actions, particularly in light of the dramatically different reputations enjoyed by the parties. Such harm to All Year Cooling's goodwill and reputation is irreparable.

19. All Year Cooling has and will continue to suffer damages, which include lost income, profits, and business opportunities, as well as irreparable harm to its goodwill and business reputation, as a direct and/or proximate result of AATC's actions.

20. All Year Cooling has no adequate remedy at law for the acts of infringement and other unlawful acts of AATC complained of herein and such acts have caused and will continue to cause damage and irreparable injury to All Year Cooling if AATC's actions are not restrained by this Court.

21. All Year Cooling has retained the law firm of Arnstein & Lehr LLP to represent it in this proceeding and is obligated to pay the firm a reasonable attorneys' fee, which fees are recoverable from AATC under the Lanham Act.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)(A)

22. All Year Cooling realleges and incorporates each and every allegation contained in paragraphs 1 through 21 above as if set forth herein.

23. All Year Cooling has used its federally registered ALL YEAR COOLING MARKS in commerce in connection with the marketing, promoting, and advertising of its air

conditioning related services, including the marketing, promoting, and advertising of such services on the internet.

24. Upon information and belief, AATC had both actual and constructive knowledge of All Year Cooling's ownership of and rights in its federally registered marks prior to AATC's infringing use of those marks.

25. AATC adopted and continues to use in commerce the phrase "All Year Cooling" with full knowledge of All Year Cooling's superior rights, and with full knowledge that its infringing use of the ALL YEAR COOLING MARKS was intended to cause confusion, mistake and/or deception.

26. AATC's infringing use of the phrase "All Year Cooling" in connection with the marketing, promotion, and advertising of AATC's own air conditioning related services is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of those services with All Year Cooling, in violation of 15 U.S.C. § 1114(1)(a).

27. AATC's actions constitute knowing, deliberate, and willful infringement of the ALL YEAR COOLING MARKS. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

28. As a result of AATC's infringement, All Year Cooling has suffered damages, as well as the continuing loss of the goodwill and reputation established by All Year Cooling in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which All Year Cooling has no adequate remedy at law.

29. All Year Cooling will continue to suffer irreparable harm unless this Court enjoins AATC's conduct.

## COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(A)

30. All Year Cooling realleges and incorporates each and every allegation contained in the paragraphs 1 through 21 above as if fully set forth herein.

31. AATC has deliberately and willfully attempted to trade on All Year Cooling's longstanding and hard-earned goodwill in the ALL YEAR COOLING MARKS and the reputation established by All Year Cooling in connection with its services, as well as in order to confuse consumers as to the origin and sponsorship of AATC's service and to pass off their services in commerce as those of All Year Cooling.

32. AATC's unauthorized conduct has also deprived and will continue to deprive All Year Cooling of the ability to control the consumer perception of its services offered under the ALL YEAR COOLING MARKS, placing the valuable reputation and goodwill of All Year Cooling in the hands of AATC.

33. AATC's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of AATC and its air conditioning relates services with All Year Cooling Google, and as to the origin, sponsorship or approval of AATC and its services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

34. AATC had direct and full knowledge of All Year Cooling's prior use of and rights in the ALL YEAR COOLING MARKS before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of AATC's aforesaid conduct, All Year Cooling has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by

All Year Cooling in the ALL YEAR COOLING MARKS. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which All Year Cooling has no adequate remedy at law.

36. All Year Cooling will continue to suffer irreparable harm unless this Court enjoins AATC's conduct.

### PRAYER FOR RELIEF

**WHEREFORE**, All Year Cooling prays for an Order and Judgment as follows:

1. Entry of a judgment declaring that AATC has infringed upon the ALL YEAR COOLING MARKS and/or has engaged in unfair competition and falsely advertised its services in violation of 15 U.S.C. § 1125(a).

2. Entry of an order (on a preliminary and permanent basis) requiring that AATC and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

   (a) Using in any manner the phrase "All Year Cooling," the ALL YEAR COOLING MARKS, or any name or mark that wholly incorporates the ALL YEAR COOLING MARKS or is confusingly similar to or a colorable imitation of those marks;

   (b) Using or displaying the phrase "All Year Cooling" on any websites or promotional materials in any false and/or deceptive manner;

   (c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of All Year Cooling's services as to the source of the services offered or sold, or likely to deceive

    members of the public, or prospective customers, into believing that there is some connection between AATC and All Year Cooling; and

 (d) Making any representations, express or implied, that All Year Cooling is affiliated with or sponsors or approves of AATC or its services;

3. Entry of an order directing AATC to take all steps necessary to remove any references to the ALL YEAR COOLING MARKS from its internet or other advertising;

4. Entry of an order requiring AATC to immediately provide a copy of the injunction order to Google, Yahoo, Bing, and all other internet search engines;

5. Entry of an order requiring AATC, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon All Year Cooling within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which AATC has complied with the injunction as set forth above;

6. Entry of an order requiring AATC to provide an accounting of profits made by AATC as a result of its unlawful conduct;

7. Entry of a judgment requiring AATC to pay to All Year Cooling the amount of All Year Cooling's actual damages under 15 U.S.C. § 1117, and/or a disgorgement of AATC's profits, the costs of any corrective advertising, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

8. Entry of an order declaring this case exceptional and requiring AATC to pay a judgment for enhanced damages under 15 U.S.C. 1117;

9. Entry of a judgment requiring AATC to pay All Year Cooling's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117; and

10. Granting All Year Cooling such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), All Year Cooling demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

**ARNSTEIN & LEHR LLP**
200 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 713-7600
Facsimile: (954) 713-7700

By: */s/:* Alan R. Poppe
    Alan R. Poppe
    Florida Bar No. 0186872
    Email: apoppe@arnstein.com

*Attorneys for Defendant All Year Heating and Cooling, Inc.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on August 22, 2016, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of the document on all counsel of record or parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/: Alan R. Poppe
Alan R. Poppe
Florida Bar No.: 0186872

## SERVICE LIST

*Around the Clock A/C Service, LLC v. All Year Cooling and Heating, Inc.,*
United States District Court for the Middle Southern of Florida
Case No. 0:16-cv-61676-WJZ

| | |
|---|---|
| Elias R. Hilal, Esq.<br>WILLIAMS HILAL WIGLAND, PLLC<br>633 SE 3rd Ave., Suite 301<br>For Lauderdale, Florida 33301<br>Telephone: (954) 463-2065<br>Facsimile: (854) 337-0117<br><br>         -and-<br><br>James G. Keys. III<br>THE KEYS LAW FIRM, PLLC<br>3350 SW 148th Ave., Suite 110<br>Miramar, Florida 33027<br>Telephone: (954) 519-2041<br>Facsimile: (954)519-2042<br><br>*Attorneys for Plaintiff Around the Clock A/C Service, LLC* | Alan R. Poppe, Esq.<br>ARNSTEIN & LEHR LLP<br>200 East Las Olas Boulevard, Suite 1700<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 713.7600<br>Fax: (954) 713-7710<br>Email: apoppe@arnstein.com<br><br>*Attorneys for Defendant All Year Cooling and Heating, Inc.* |