```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                     CASE NO. 16-61676-CIV-ZLOCH
 3
     AROUND THE CLOCK A/C SERVICE,
 4   LLC,

 5                                         Fort Lauderdale, Florida
                    Plaintiff(s),
 6                                         October 28, 2016
              vs.
 7
     ALL YEAR COOLING AND HEATING,
 8   INC.,

 9
                    Defendant(s).
10   -------------------------------------------------------------

11                         STATUS CONFERENCE
                 BEFORE THE HONORABLE WILLIAM J. ZLOCH
12                   UNITED STATES DISTRICT JUDGE

13   APPEARANCES:

14   FOR THE PLAINTIFF(S):   James G. Keys, III
                             The Keys Law Firm, PLLC
15                           3350 Southwest 148th Avenue
                             Suite 110
16                           Miramar, Florida 33027

17                           Elias R. Hilal, Esquire
                             Elias R. Hilal, PA
18                           633 Southeast Third Avenue
                             Suite 301
19                           Fort Lauderdale, Florida 33301

20   FOR THE DEFENDANT(S):   Alan R. Poppe, Esquire
                             Arnstein & Lehr
21                           200 East Las Olas Boulevard
                             Suite 1000
22                           Fort Lauderdale, Florida 33301

23   REPORTED BY:            Tammy Nestor, RMR, CRR
                             Official Court Reporter
24                           299 East Broward Boulevard
                             Fort Lauderdale, Florida 33301
25                           tammy_nestor@flsd.uscourts.gov
```

EXHIBIT "1"

```
 1  Thereupon,
 2  the following proceedings began at 11:08 a.m.:
 3           THE COURT:  Good morning.  Please be seated.
 4           Calling case No. 16-61676-Civil.  Counsel, would you
 5  note your appearances.
 6           MR. HILAL:  Elias Hilal on behalf of Around the Clock
 7  A/C Service.
 8           THE COURT:  Good morning.
 9           MR. HILAL:  Good morning.
10           MR. KEYS:  James Keys on behalf of Around the Clock
11  A/C Service.
12           THE COURT:  Good morning.
13           MR. POPPE:  Good morning, Your Honor.  Alan Poppe with
14  the law firm of Arnstein & Lehr on behalf of the defendant, All
15  Year Cooling and Heating.
16           THE COURT:  Good morning.
17           MR. POPPE:  Good morning, sir.
18           THE COURT:  I set this status conference to find out
19  if the matter is still pending, actually.  The defense filed a
20  pleading advising that the words Air Around -- let me see here,
21  Air Around Clock no longer appears with respect to the search
22  engine that was being used.  Is that correct?
23           MR. POPPE:  Well --
24           THE COURT:  Does someone have their cell phone on?
25           MR. HILAL:  Your Honor, I do have the iPad on I was
```

1    using for the documents.
2             THE COURT:  That is causing the interference.
3             MR. HILAL:  I will turn it off, Your Honor.  I'm
4    sorry.
5             THE COURT:  There you go.
6             MR. KEYS:  Your Honor, the plaintiff's understanding
7    is that the defendant -- the language that was being complained
8    of in the ad has been removed.  From the plaintiff's
9    standpoint, we still are not satisfied with completely the
10   explanation that was given.  And so the case is still pending,
11   and plaintiff seeks to take discovery in terms of to verify
12   what actually the defendant's story, so to speak, in this case
13   is.  And just to point out the reason why --
14            THE COURT:  In other words, the plaintiff is still
15   pursuing the motion for a preliminary injunction?
16            MR. KEYS:  Well, we did not file a reply to the
17   preliminary injunction because from an evidentiary standpoint,
18   we did not have evidence to refute the evidence that they
19   provided in their response.
20            One thing that we noted, though, is with the
21   advertisement in question, the claim was that being
22   automatically added, the text that was -- that is our
23   registered mark.  But we note that in the other advertisement
24   that is based on the same language, our mark is not in the
25   title.

```
 1              So if Bing was doing that, they did it to the
 2   defendant here but not to Service Experts of Fort Lauderdale
 3   who also clearly are using the same keyword.
 4              So we would like to inquire further.  The parties have
 5   history in terms of trademark infringement and so forth, so we
 6   were interested in seeing discovery and verifying exactly that
 7   they are saying is true.
 8              THE COURT:  All right.  Fine.  That is really all I
 9   wanted to find out was, like I said, whether or not the case
10   was still moving forward or whether it had been resolved.
11   Okay.  When do you think you might have discovery completed?
12              MR. POPPE:  We have submitted a joint scheduling
13   report to Your Honor.
14              MR. KEYS:  Yes.
15              MR. POPPE:  It's still pending.
16              THE COURT:  All right.  Then we will enter an order
17   ourselves, and then the case can go ahead and move forward.
18              MR. KEYS:  Okay.
19              THE COURT:  All right.
20              MR. KEYS:  Thank you, Your Honor.
21              MR. POPPE:  Your Honor, may I ask a question?
22              THE COURT:  Yes.
23              MR. POPPE:  How will we address then the motion for
24   preliminary injunction?  Is that just mooted at this point in
25   time or...
```

```
 1            THE COURT:  Well, the plaintiff did not move for a
 2   temporary restraining order, in other words, which we would
 3   move forward immediately on.
 4            MR. POPPE:  That's correct, Your Honor.
 5            THE COURT:  They are only asking for the preliminary
 6   injunction, and that would be entered basically near the end of
 7   a case.  So if the plaintiff is not in any rush for the entry
 8   of that preliminary injunction, then we will go forward with
 9   discovery, and either the case resolves itself or it doesn't.
10   And then we come here for a final hearing on the issue of
11   whether a preliminary injunction should issue.
12            MR. KEYS:  That's acceptable.
13            MR. POPPE:  That's fine, Your Honor.  As we indicated,
14   the conduct has ceased.  The conduct, I won't belabor it, you
15   have read the papers, was really the results of a third party
16   and the conduct is not occurring.  And I checked again today.
17   You can check the website.  It's not occurring at all again.
18            THE COURT:  The matter is still before me.  Until
19   there is a joint voluntary dismissal, motion for dismissal, the
20   case will move forward.
21            MR. KEYS:  Thank you, Your Honor.
22            MR. POPPE:  Thank you, Your Honor.
23            THE COURT:  Everyone have a great weekend.  Court is
24   in recess.
25            (Thereupon, the hearing concluded at 11:13 a.m.)
```

```
 1                         - - -

 2                     C E R T I F I C A T E

 3

 4         I hereby certify that the foregoing is an

 5   accurate transcription of the proceedings in the

 6   above-entitled matter.

 7

 8

 9   3/1/17                    s/ Tammy Nestor
                               Tammy Nestor, RMR, CRR
10                             Official Court Reporter
                               299 East Broward Boulevard
11                             Fort Lauderdale, Florida 33301
                               tammy_nestor@flsd.uscourts.gov
12
```